**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3360
_____

CATHERINE BAKER, Individually and on behalf of all others similarly situated
Appellant
v.

CRODA INC, f/k/a Croda, Inc.
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-20-cv-01108)
District Judge: Honorable Stephanos Bibas, *Circuit Judge (sitting by designation)*
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on September 20, 2022

Before: AMBRO*, RESTREPO, and FUENTES, *Circuit Judges*

(Opinion filed: September 15, 2023)

OPINION[1]
_____

---

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.
* Judge Ambro assumed senior status on February 6, 2023.

**RESTREPO**, *Circuit Judge*

## I.[2]

Appellant Catherine Baker appeals the United States District Court for the District of Delaware's dismissal of her Class Action Complaint in which she, and her class members, asked the Court to recognize an "increased risk of illness" as a compensable tort injury. Compl. ¶¶ 80, 89, 102, 109, 117. Baker's Complaint against Croda alleged various tort violations after potential exposure to a toxic gas. However, Baker's Complaint averred that no purported class member presented any illness or manifestation of a physical harm. For this reason, the District Court dismissed the Complaint because "this class cannot recover damages for the risk of diseases that they do not yet have. And because each tort requires an injury, none of Baker's torts survives this flaw." *Baker v. Croda, Inc.*, 1:20-cv-01108-SB, 2021 WL 7209363 at *2 (D. Del. Nov. 23, 2021).

At the time, Delaware law was silent on whether an increased risk of illness, without present manifestation of a physical harm, is a cognizable injury under Delaware law. The District Court declined to certify this issue to the Supreme Court of Delaware. *Id.* at *3. Baker timely appealed, and this panel voted unanimously to transmit a Petition for Certification to the Supreme Court of Delaware pursuant to Local Appellate Rule 110.1 of the United States Court of Appeals for the Third Circuit, and in accordance with the procedures set forth in Del. Sup. Ct. R. 41(a)-(b) and DEL. CONST., art. IV, § 11(8).

---

[2] As we write for the benefit of the parties, who are familiar with the background of this case, we set out only the facts and procedural history necessary for the discussion that follows.

The Petition for Certification was sent to the Delaware Supreme Court on October 21, 2022, and that court accepted our request on October 31, 2022. A final order and opinion were issued by the Supreme Court of Delaware on August 24, 2023.

## II.[3]

In its opinion, the Delaware Supreme Court held that "an increased risk of illness without present manifestation of a physical harm is not a cognizable injury under Delaware law." *Baker v. Croda Inc.*, No. 393, 2023 WL 5517797, at *1 (Del. Aug. 24, 2023). Because Baker's Complaint failed to allege the existence of a present injury, the District Court properly dismissed the Complaint because "[t]he class cannot show it has suffered any injury under Delaware law." *Baker*, 2021 WL 7209363 at *2.

We agree and will affirm.

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332(d). We have appellate jurisdiction under 28 U.S.C. §1291. We exercise de novo review in the dismissal of a complaint under Rule 12(b)(6). *Geness v. Cox*, 902 F.3d 344, 353 (3d Cir. 2018).